IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| MORGAN HANSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. 15-CV-06058-BP |
| v. | ) |
| | ) |
| MISSOURI STATE OF HIGHWAY | ) |
| PATROL, | ) |
| COL. RONALD K. REPLOGLE, in | ) |
| his official capacity, | ) |
| CPT. JAMES E. MCDONALD, in | ) |
| his official capacity, and | ) |
| THOMAS J. BLACK, in his | ) |
| individual capacity, | ) |
| | ) |
| Defendants. | ) |

## **MOTION TO DISMISS**

Defendants, Missouri State Highway Patrol ("MSHP"), Col. Ronald K. Replogle ("Replogle"), Cpt. James E. McDonald ("McDonald") and Trooper Thomas J. Black ("Black"), by and through undersigned counsel of record, pursuant to Fed R. Civ.Pro 12(b)(6) respectfully move to dismiss Plaintiff's claims against them.

### Introduction

This case concerns, in Count I, alleged Fourth Amendment and 42 U.S.C. §1983 violations allegedly committed by Black that occurred when plaintiff's dog, Conan, was running free along and near Interstate 29 and

was shot and killed by Black on May 20, 2012. (Doc #1 ¶¶19, 22, 26, 38). As to Count II, alleged Fourteenth Amendment and 42 U.S.C. §1983 violations allegedly committed by MSHP, Replogle and McDonald for failing to properly hire, train, supervise control and/or discipline Black. (Doc #1 ¶ 50). As to Count III, alleged 42 U.S.C. § 1983 violations allegedly committed by MSHP under a theory of respondeat superior for the actions of Black. (Doc #1 ¶61).

Plaintiff does not allege that Black knew that Conan belonged to plaintiff or that Conan belonged to any person known to Black nor do they allege that Black had any knowledge of an animal control officer having been in the area of Interstate 29 and capturing a different dog. These allegations are insufficient to show that Black knew that Conan belonged to plaintiff or that Black owed any duty to plaintiff regarding Conan. Further, plaintiff has failed to allege where, along the 124 miles that comprise Interstate 29 in Missouri, these alleged actions by Black occurred. Plaintiff has failed to state a claim upon which relief can be granted and, therefore, plaintiff's claims must be dismissed against Black. Absent any plausible claim against Black, plaintiff's claims against McDonald, Replogle and MSHP must be dismissed.

## Standard of Review

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Argument**

### I. Count I against Black

Plaintiff has to state a claim upon which relief can be granted in that Black is protected by 11th Amendment/sovereign immunity and/or qualified immunity.

*A. 11th Amendment/Sovereign Immunity*

Claims against State officials in their official capacity are barred by sovereign immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his "official capacity is not a suit against the official but rather is a suit against the official's office…. [I]t is no different from a suit against the State itself."). "Suits against state employees in their official capacity is the same as suing the States, so claims against defendants in their official capacities for damages must be dismissed." *Brandon v. Hold*, 469 U..S. 464, 472 n.21 (1985); *Kentucky v Graham*, 473 U.S. 159, 169 (1985). Despite the fact that plaintiff alleges she has sued

3

Black in "his individual capacity", the complaint states, "[a]t all relevant times, Defendant Black was a MSHP Trooper in Troop H working under the directions and control of Defendant MSHP, …." (Doc #1 ¶¶ 4, 10). Black IS being sued in his official capacity.

Plaintiff fails to allege personal involvement on behalf of Black. As pleaded, the only action that involves Black is a state action. *See Jones v. Gutschenritter*, 909 F.2d 1208, 1211 (8th Cir. 1990) (quoting *Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("'[i]f an individual is possessed of state authority and purports to act under that authority, his action is state action'"). The entirety of Black's involvement, as alleged, is based squarely on his role as a Trooper with the Missouri State Highway Patrol. (Doc #1 ¶ 10). Any claim against Black is a claim against the Missouri State Highway Patrol. The Highway Patrol, as an "arm of the state of Missouri," is entitled to sovereign immunity. *See Thomas v. St. Louis Bd. of Police Comm'rs,* 447 F.3d 1082, 1086 n. 8 (8th Cir.2006). Black is entitled to sovereign immunity. Accordingly, Count 1 should be dismissed.

*B. Qualified immunity*

Qualified immunity shields government employees from suit involving federal constitutional claims unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person

would have known. *Yowell v. Combs*, 89 F.3d 542, 544 (8th Cir. 1996). Qualified immunity provides a shield to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). This form of immunity "exists to protect public officers from liability for the exercise of discretion in performing a public duty" and "reflects a decision that the public is better served by officials who will not be deterred by fear of liability from executing the office with an independent and decisive judgment." *Fowler v. Cross*, 635 F.2d 476, 481 (5th Cir. 1981).

State officials are entitled to immunity from suit to the extent that their complained-of conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A two-prong test determines whether a government official is entitled to qualified immunity. First, the plaintiff must show that the challenged action violated a constitutional or statutory right; second, that right must be clearly established at the time of the alleged misconduct. *White v. Smith*, 696 F.3d 740, 753 (8th Cir. 2012). "A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Birkenholz v. Sluyter*, 857 F.2d 1214, 1216 (8th Cir. 1988) (internal quotes omitted).

Black was at all relevant times employed by the Missouri State Highway Patrol. (Doc #1 ¶ 10). Plaintiff has not alleged sufficient facts to infer that any of Black's acts violated any constitutional right or that there was even a constitutional right established at the time of the alleged misconduct of Black. Plaintiffs have satisfied neither prong of the test established by *White*. There have been no facts alleged that indicate that Black ever knew that Conan belonged to plaintiff or, in fact, to any person. Plaintiffs have not directed any specific, non-conclusory claims of wrongdoing against Black. Black is entitled to qualified immunity. Accordingly, Count 1 should be dismissed.

### II.   Count II against MSHP, McDonald and Replogle

Plaintiff fails to allege personal involvement on behalf of MSHP, McDonald or Replogle. As pleaded, the only action that involves MSHP, McDonald or Replogle is a state action. *See Jones v. Gutschenritter*, 909 F.2d 1208, 1211 (8th Cir. 1990) (quoting *Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("'[i]f an individual is possessed of state authority and purports to act under that authority, his action is state action'"). The entirety of McDonald's or Replogle's involvement, as alleged, is based squarely on their respective roles as members of the Missouri State Highway Patrol. (Doc #1 ¶¶ 8, 9, 50). Any claim against McDonald or Replogle is a claim against the Missouri State

Highway Patrol. The Highway Patrol, as an "arm of the state of Missouri," is entitled to sovereign immunity. *See* Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1086 n. 8 (8th Cir.2006). Based on the above, MSHP is entitled to sovereign immunity (also see section III discussion below). Accordingly, Count II should be dismissed.

### III. Count III against MSHP

Plaintiff attempts to sue MSHP under a 42 U.S.C. § 1983 respondeat superior theory. Count III fails for at least three reasons.

*A. MSHP is entitled to 11th Amendment immunity*

MSHP is a State agency created and regulated by state statute. "[I]n the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984). Further, "42 U.S.C. § 1983 does not override States' Eleventh Amendment immunity". *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). Accordingly, Count III should be dismissed.

*B. MSHP is not a "Person"*

MSHP is a State entity formed and regulated pursuant to state statute. 42 U.S.C. § 1983 claims can be brought against persons, but State (and its

Departments) are not "persons" under § 1983. Will v. Michigan Dep't of State Plice, 491 U.S. 58, 65 (1989); Aubuchon v. Missouri, 631 F.2d 581, 582 (8th Cir.1980). Accordingly, Count III should be dismissed.

    *C.*    *Respondeat superior theory is not actionable under 42 U.S.C §1983*

MSHP is not a "person". A defendant on a 42 U.S.C. § 1983 action must have been personally involved in the incident complained of. Therefore, § 1983 claims cannot be based on respondeat superior or vicarious liability. *See Canton v. Harris*, 489 U.S. 378, 385 (1989); *Beck v. LaFleur*, 257 F.3d 764 (8th Cir.2001); *Martin v. Sergent*, 780 F.2d 1334, 1337 (8th Cir.1985). Accordingly, Count III against MSHP should be dismissed.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted as to Count I in that 1) any action by Black was in his official role as a Missouri State Highway Patrolman and is entitled to sovereign immunity; 2) Black is entitled to qualified immunity in that his conduct does not rise to the level of a constitutional violation and absent a constitutional violation, he is entitled to qualified immunity; and 3) Black did not violate the Fourth Amendment or 42 U.S.C. §1983. Plaintiff has failed to state a claim upon which relief can be granted as to Count II in that 1) any action by McDonald or Replogle was in

8

their official roles as members of the Missouri State Highway Patrol and they are entitled to sovereign immunity; and 2) MSHP, as an arm of the state of Missouri is entitled to sovereign immunity. Plaintiff has failed to state a claim upon which relief can be granted as to Count III in that 1) MSHP as a department of the state of Missouri is entitled to 11th Amendment immunity; 2) MSHP is not a "person" under 42 U.S.C. § 1983; 3) respondeat superior is not actionable under 42 U.S.C. § 1983.

WHEREFORE, Defendants Black, McDonald, Replogle and MSHP respectfully request that this Court enter its Order dismissing them with prejudice from this lawsuit, together with such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

**CHRIS KOSTER**

Attorney General

*/s/ Lynn M. Stoppy*
Lynn M. Stoppy
Missouri Bar No. 47351
Assistant Attorney General
615 E. 13th Street, Suite 401
Kansas City, Missouri 64106
Phone: 816-889-5014
lynn.stoppy@ago.mo.gov
ATTORNEY FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2015, the foregoing was filed with the Clerk of Court's ECF system and that the below were served with a copy via the Court's ECF System:

James W. Schottel, Jr. #51285
906 Olive St., PH
St. Louis, MO 63101
jwsj@schotteljustice.com
Attorneys for Plaintiff

                                          */s/ Lynn M. Stoppy*
                                          Assistant Attorney General